IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABEL THAMMAVONGSA,<br><br>Defendant. | CR. NO. 23-00019 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION TO FILE MEMORANDUM OF PLEA AGREEMENT UNDER SEAL, ECF NO. 25 |

### ORDER DENYING DEFENDANT'S MOTION TO FILE MEMORANDUM OF PLEA AGREEMENT UNDER SEAL, ECF NO. 25

On February 24, 2023, Defendant Abel Thammavongsa ("Defendant") filed a request to file under seal the memorandum of plea agreement ("Motion to File Under Seal"). ECF Nos. 25. For the reasons stated below, Defendant's Motion to File Under Seal, ECF No. 25, is DENIED.

The right of access to criminal trials is generally protected by both the common law and the First Amendment. *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019). And "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted)). "Shrouding the mechanics of a criminal case in secrecy places the public's interest in a transparent judicial system at risk."

*United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (citing *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 508 (1984) (observing that open criminal proceedings "enhance both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system")). However, this right is not unlimited. *See, e.g.*, *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989) (holding no First Amendment right of access to search warrant proceedings and materials while pre-indictment investigation is ongoing).

Under the common law, "a 'strong presumption in favor of access' is the starting point." *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . 'articulat[ing] compelling reasons' . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1194–95 (quoting *Kamakana*, 447 F.3d at 1178–79).

Determination under the First Amendment whether a right of access attaches to a particular hearing entails a two-part inquiry: the "experience and logic" test. *Sleugh*, 896 F.3d at 1013 (quoting *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 156 F.3d 940, 946 (9th Cir. 1998)). "The

'experience' prong of the test questions 'whether the place and process have historically been open to the press and general public . . . .'" *Id*. (quoting *Phoenix Newspapers, Inc*., 156 F.3d at 946). The "logic" element "inquires whether public access plays a significant positive role in the functioning of the particular process in question." *Phoenix Newspapers, Inc.*, 156 F.3d at 946. "The First Amendment right of access does not end at the courtroom doors but extends to pretrial document filings, including plea agreements." *In re Civ. Beat L. Ctr. for Pub. Int*., 2021 WL 4898660, at *2 (D. Haw. Oct. 14, 2021) (citing *Oregonian Publ'g Co. v. U.S. Dist. Ct*., 920 F.2d 1462, 1465–66 (9th Cir. 1990) (holding that the right applies to plea agreements, which, "in many respects, . . . take[ ] the place of the criminal trial" today). "The right also specifically extends to transcripts of plea colloquies and 'cooperation addend[a]'—generally, the parts of plea agreements that provide the requisite factual predicate for the guilty plea. *Id*. (quoting *In re Copley Press, Inc*., 518 F.3d 1022, 1028 (9th Cir. 2008)).

        Applying the First Amendment right of access protection in this matter,

> criminal proceedings and documents may be closed to the public only if . . . (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.

*Id.* (quoting *Oregonian Publ'g Co.*, 920 F.2d at 1466 (internal quotation marks omitted)). "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." *Id.* (quoting *Oregonian Publ'g Co.*, 920 F.2d at 1466).

Here, Defendant does not even begin to meet the specific requirements of these cases. The reason given to seal is, at best, speculative and without any factual support. And even if Defendant is able to show that closure serves a compelling interest, he has presented nothing to show that there is a substantial probability that, in the absence of closure, that compelling interest would be harmed. In short, the stated request to seal is insufficient to foreclose the public's First Amendment right of access.

Accordingly, Defendant's Motion to File Under Seal, ECF No. 25, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Thammavongsa*, Cr. No. 23-00019 JMS, Order Denying Defendant's Motion to File Memorandum of Plea Agreement Under Seal, ECF No. 25